UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-mj-8663-BER

IN RE SEALED COMPLAINT

_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?    No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?  No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY:   *Shannon O'Shea Darsch*
_____
SHANNON O'SHEA DARSCH
ASSISTANT UNITED STATES ATTORNEY
FL Bar No. 68566
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711
Shannon.Darsch@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| WILLIE JAMES SKIPPER JR., | ) |
| | ) |
| | ) |

Case No.  25-mj-8663-BER

Defendant(s)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ November 1, 2025 _____ in the county of _____ Palm Beach _____ in the

_____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 922(g) | Unlawful possession of a firearm by a convicted felon |

FILED BY_____TM_____D.C.

Nov 5, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Jonathan Garten, FBI Task Force Officer
Printed name and title

Sworn to and attested to me by applicant by
telephone (Facetime) per the requirements of
Fed. R. Crim. P.4 (d) and 4.1.

Digitally signed by
Bruce Reinhart
Date: 2025.11.05
17:12:23 -05'00'

Date: _____

_____
Judge's signature

City and state:            West Palm Beach, FL

Bruce E. Reinhart, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Jonathan A. Garten, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND JURISDICTION

1.      I am a Detective with the Palm Beach County Sheriff's Office (PBSO) within the Violent Crimes Division (VCD)-Gang Unit, and I have been so employed since August 2013.  I am currently assigned as a Task Force Officer (TFO) to PB-2, the Violent Crimes and Major Offender Squad of the Palm Beach County Resident Agency, which investigates bank robberies, narcotics trafficking, fugitives, firearms offenses, and other violent crimes. I have also received training in historical cell-site analysis, cell phone technology, and location-based services.

2.      Pursuant to 18 U.S.C. § 3052, I am authorized to apply for and execute search warrants and arrest warrants for offenses enumerated in Titles 18 and 21 of the United States Code. I have participated in and directed investigations involving violent crime, trafficking in controlled substances, and firearms offenses. As a result of my training and experience, I am familiar with the tactics, methods, and techniques of committing those crimes.

3.      I make this affidavit in support of an application for a criminal complaint charging WILLIE JAMES SKIPPER JR, herein referred to as "SKIPPER," with a violation of 18 U.S.C. § 922(g)(1), the unlawful possession of a firearm by a convicted felon.

4.      This affidavit is based upon my own personal knowledge of the facts and circumstances surrounding the investigation and information provided to me by other law enforcement officers. I have not included in this affidavit each and every fact known to me about the matters set forth herein, but only those facts and circumstances that I believe are sufficient to establish probable cause for this Court to authorize a search warrant for the seizure of records.

5.      Based upon my training and experience and the facts as set forth in this affidavit,

there is probable cause to believe that a violation of Title 18, United States Code, Section 922(g)(1) occurred.

## BACKGROUND CONCERNING INVESTIGATION

6.      The FBI and local law enforcement have been conducting a joint operation in the City of Lake Worth Beach to curb violent crime and narcotics violations in known areas of the city where these violations have historically taken place.

## PROBABLE CAUSE

7.      On November 1, 2025, law enforcement observed SKIPPER conducting hand-to-hand transactions in the area of 630 South Dixie Highway in Lake Worth Beach, Florida. SKIPPER was observed entering and exiting a black Hyundai SUV bearing Florida Tag #FFQC65 after each transaction. A query of the Florida Department of Motor Vehicles confirmed that license plate and vehicle is currently registered to SKIPPER.

8.      SKIPPER was known to law enforcement in the area as a known drug dealer. Law enforcement requested a K9 unit to respond to the location of the black Hyundai and conduct an open-air sniff of the vehicle. A K9 unit from the City of West Palm Beach Police Department arrived on scene and conducted an open-air sniff. The K9 positively indicated on the black Hyundai.

9.      Around the same time, SKIPPER verbally engaged law enforcement from a distance and confirmed that the vehicle was his. Law enforcement advised SKIPPER that the K9 unit had positively indicated on his vehicle and the car was going to be towed and searched. SKIPPER grew increasingly agitated with law enforcement and subsequently left the area on an electric scooter.

10.     While law enforcement was awaiting a tow truck to arrive, SKIPPER returned to the scene and approached law enforcement from behind. SKIPPER then threw a cup of suspected gasoline onto the vehicle and ignited the gasoline, causing a fireball to erupt from the rear of the vehicle.

11.     It should be noted that law enforcement was in close proximity to the vehicle at the time of the fire and took immediate action to take SKIPPER into custody.

12.     Once the fire was extinguished and the black Hyundai was deemed safe for towing, the vehicle was towed to the Palm Beach County Sheriff's Office where a search of the vehicle was conducted.

13.     A Smith and Wesson SD40VE .40 Caliber handgun bearing serial number HEY4093 was recovered from the vehicle and queried. The result of the query showed the firearm was stolen. Additionally, law enforcement recovered approximately 95 grams of suspected crack cocaine and approximately $1075 in US Currency from the vehicle.

14.     SKIPPER is a two-time convicted felon in the State of Florida under case numbers: 502008CF010602AXXXMB and 502007CF005331AXXXMB and therefore a prohibited person from owning or possessing a firearm.

15.     Further, SKIPPER has a pending charge with the State of Florida for possession of a firearm by a convicted felon. On August 29, 2024, law enforcement seized narcotics and a loaded, black Taurus PT 378 TCP .380 caliber, semiautomatic handgun concealed in SKIPPER's groin area. While on bond for the pending charge, SKIPPER possessed the stolen firearm in his vehicle.

## CONCLUSION

16.     Based upon the information contained in this affidavit, I believe that probable cause exists that WILLIE JAMES SKIPPER JR. was in violation of Title 18, United States Code, Section

3

922(g)(1) (unlawful possession of a firearm by a convicted felon).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_Jonathan Garten_
Jonathan Garten, Task Force Officer
Federal Bureau of Investigation

Sworn and Attested to before me by video/audio by Telephone (Facetime)
pursuant to Fed. R. Crim. P. 4.1(b) and on this _____ day of November, 2025.

Digitally signed by
Bruce Reinhart
Date: 2025.11.05
17:12:44 -05'00'

HON. BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: WILLIE JAMES SKIPPER JR.

**Case No**:

Count #: 1

Felon in Possession of a Firearm

Title 18, United States Code, Section 922(g)

* **Max. Term of Imprisonment**:   10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** n/a
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000
* **Special Assessment:** $100

**\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**